6/21/2022 2:56 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 65636637
By: Courtni Gilbert
Filed: 6/21/2022 2:56 PM

Cause No. _____

| | | |
|---|---|---|
| SANDRA WILLIAMS | § | IN THE DISTRICT COURT |
|     PLAINTIFF | § | |
| | § | |
| VS. | § | |
| | § | _____ JUDICIAL DISTRICT |
| STARBUCKS CORPORATION | § | |
| D/B/A STARBUCKS | § | |
|     DEFENDANT | § | HARRIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **SANDRA WILLIAMS**, hereinafter called Plaintiff, complaining of and about, **STARBUCKS CORPORATION D/B/A STARBUCKS,** hereinafter called Defendant, and would respectfully show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 3. Plaintiff is currently seeking damages in excess of $250,000.00 including damages of any and all kinds, penalties, costs, expenses, pre-judgment interest, and attorney fees.

### PARTIES AND SERVICE

2. Plaintiff, **SANDRA WILLIAMS**, is an individual who is domiciled in Harris County, Texas.

3. Defendant STARBUCKS CORPORATION D/B/A STARBUCKS is a Foreign Corporation registered to do business in Texas and service of process on the Defendant may be effected pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving the registered agent of the corporation, Corporation Service Company

EXHIBIT B

dba CSC - Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620Austin, TX 78701-3218. Service of said Defendant as described above can be effected by certified mail, return receipt requested. **ISSUANCE OF CITATION IS REQUESTED AT THIS TIME**

### JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court. This court has jurisdiction over Defendant STARBUCKS CORPORATION D/B/A STARBUCKS., because said Defendant is business registered to do business in Texas and has multiple physical locations in Texas.

5. This court has jurisdiction over Defendant STARBUCKS CORPORATION D/B/A STARBUCKS because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

6. Plaintiff would show that Defendant has had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

7. Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant in the state of Texas, thereby conferring specific jurisdiction with respect to the Defendant.

8. Furthermore, Plaintiff would show that Defendant STARBUCKS CORPORATION D/B/A STARBUCKS engaged in activities constituting doing business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant contracted with a Texas resident and performance of the agreement

EXHIBIT B

9. Venue in HARRIS County is proper in this cause under Tex. Civ. Prac. & Rem. Code § 15.002(a)(1) because it is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS

10. On or about November 13, 2020, Plaintiff, **SANDRA WILLIAMS**, was at a Starbucks retail location, located at 13250 Northwest Fwy., Houston, Texas 77040 owned and operated by Defendant. One of Defendant's employees, in the course and scope of their employment with Defendant, negligently failed to secure the lid on Plaintiff's hot water cup, causing severe burns to Plaintiff's person for which she now sues. Defendant failed to properly train its employees on properly securing lids containing scalding hot liquids.

## PLAINTIFFS' CLAIM OF NEGLIGENCE AGAINST DEFENDANT

11. Defendant, **STARBUCKS CORPORATION**, had a duty to exercise the degree of care that a reasonably prudent and/or careful person would use to avoid harm to others under circumstances similar to those described herein.

12. Plaintiff's injuries were proximately caused by Defendant's negligent, careless and reckless disregard of said duty.

13. The negligent, careless and reckless disregard of duty of Defendant consisted of, but is not limited to, the following acts and omissions:

   a. In that Defendant failed to maintain a safe environment by safely securing lids of coffee cups containing scalding hot liquids;

   b. In that Defendant failed to have appropriate safety procedures for their employees and

**EXHIBIT B**

      agents to ensure that lids were secured to drink containers handed to customers, to prevent the sort of injuries sustained by Plaintiff;

c. In that Defendant, Defendant's employees and agents failed to use reasonable care to avoid creating the dangerous conditions that caused Plaintiff severe injuries and damages;

d. In that Defendant failed to properly train and supervise its employees and agents, and its employees and/or agents failing to warn Plaintiff which proximately caused Plaintiff's injuries and damages;

e. In that Defendant, through its employee and/or agents, created an unreasonable risk of harm by creating a dangerous condition thereby putting Defendant on notice because when an owner or occupier of a premise, or those for whose conduct it is responsible, creates a condition that poses an unreasonable risk of harm, an inference of knowledge may arise that Defendant knew or should have known about the risk of danger to Plaintiff. *Keetch v. Kroger,* 845 S.W.2d 262, 265 (Tex. 1992); *Robledo v. Kroger,* 597 S.W.2d 560 (Tex. Civ. App.–Eastland 1980, writ ref'd n.r.e.); *See Wal-Mart Stores, Inc. v. Diaz* , 109 S.W.3d 584, 589 (Tex. 2003); and

f. In that Defendant's employee failed to properly secure the lid to a scalding hot drink as would a reasonably prudent vendor under similar circumstances to avoid the type of injury that Plaintiff suffered.

## **DAMAGES FOR PLAINTIFF**

14. As a direct and proximate result of the occurrence made the basis of this lawsuit,

Plaintiff was caused to suffer physical injuries, and to incur the following damages:

A. Reasonable medical care and expenses in the past. These expenses were incurred by the Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein, and such charges are reasonable and were usual and customary charges for such services;

B. Reasonable and necessary medical care and expenses that, in reasonable probability, will be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering that, in reasonable probability, will be sustained in the future;

E. Physical impairment in the past;

F. Physical impairment that, in reasonable probability, will be sustained in the future;

G. Mental anguish in the past;

EXHIBIT B

H.   Mental anguish that, in reasonable probability, will be sustained in the future;

I.   Loss of wages in the past;

J.   Loss of earning capacity that, in reasonable probability, will be sustained in the future; and,

K.   Property damage, diminution in value, and loss of use.

## RESPONDEAT SUPERIOR

15. At all relevant times, Defendant's employees were acting in the scope of their employment with Defendant. Therefore, under the principle of respondeat superior, the Defendant is liable for the acts and/or omissions of its employees.

## NOTICE PURSUANT TO TRCP 193.7

16. NOTICE IS HEREBY GIVEN that pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, counsel for Plaintiff intends to use Defendant's discovery responses and any documents produced in discovery in the trial of this cause of action and/or any hearings before the Court herein.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully pray that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which Plaintiffs may be entitled at law or in equity.

**EXHIBIT B**

Respectfully submitted,

*[signature]*

ANDRE ANZIANI
STATE BAR NO. 24095224
Law Office of Andre Anziani, PLLC
1300 S. Polk #295
Dallas, TX 75224
O: 214-444-8808
F: 972-957-2744
E-File Email: service@andrethelawyer.com
**ATTORNEY FOR PLAINTIFF**

Formatted: Font: 12 pt, Font color: Text 1

Formatted: Font: 12 pt, Font color: Text 1

**EXHIBIT B**

CAUSE NO. 2022-37135

| | |
|---|---|
| SANDRA WILLIAMS, | IN THE DISTRICT COURT OF |
| *Plaintiff* | |
| v. | |
| | HARRIS COUNTY, TEXAS |
| STARBUCKS CORPORATION D/B/A STARBUCKS, | |
| | 333rd JUDICAL DISTRICT |
| *Defendant.* | |

# DEFENDANT'S ORIGINAL ANSWER and VERIFIED DENIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Starbucks Corporation d/b/a Starbucks Coffee Company ("Starbucks"), incorrectly identified as Starbucks Corporation d/b/a Starbucks, Defendant in the above entitled and numbered cause, and in answer to the Plaintiff's pleadings on file herein, would respectfully show unto the Court as follows:

## A.
## GENERAL AND VERIFIED DENIAL

1.  Defendant asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and respectfully request that Plaintiff be required to prove the charges and allegations against this Defendant by the evidence as is required by the laws of the State of Texas.

2.  Pleading further, Defendant is not liable in the capacity in which it has been sued. Specifically, Plaintiff incorrectly contends that Plaintiff was at a Starbucks, located

1

EXHIBIT B

at 13250 Northwest Freeway in Houston, Texas and "owned and operated by Defendant."

Plaintiff further mistakenly alleges that an employee of Defendant Starbucks "negligently

failed to secure the lid on Plaintiff's hot water cup" since Starbucks did not have any

employees working at the location in question.  Thus, Plaintiff's *respondeat superior*

claims are baseless as to Defendant Starbucks.  To this end, Defendant has attached the

Declaration of Brenda Fluth, which is fully incorporated into this Verified Denial, and

which sets forth the following:

> a. Prior to and through the date of the alleged accident at issue in this lawsuit, Target Corporation operated a kiosk at its store located at 13250 Northwest Fwy, Houston, TX 77040, Target Store number T0858, using Starbucks trademarks and consumer products under the terms of a licensing agreement.
>
> b. Under the terms of the licensing agreement, Starbucks licensed the use of its trademarks and sale of its consumer products to Target Corporation. Starbucks at no time obtained the right to exercise, nor did it exercise, any possession or control of the premises at Target Corporation's Store number T0858; rather, Target Corporation was the sole owner of the premises and retained exclusive possession and control of the premises.
>
> c. At no time did Starbucks employ any staff or employees to operate Target Corporation's Store number T0858. At all times, Target Corporation employees operated the kiosk and wore Target Corporation uniforms branded with Starbucks trademarks pursuant to the licensing agreement. To this end, the person or persons who allegedly provided the Plaintiff with a lidded cup of hot water were not employed by, controlled by, or trained by Starbucks.
>
> d. Starbucks did not conduct any activities on the premises at any time. Starbucks had no responsibilities or rights to maintain the premises, and at no time conducted any such activities on the premises.
>
> e. Under the terms of the agreement, Starbucks had no right to control, nor did it control, the employees of Target Corporation in operating the kiosk, other than restrictions on the use of Starbucks trademarks and products to avoid dilution and tarnishment of said marks.

EXHIBIT B

f.      Based on the above, Starbuck's is not liable in the capacity in which it has been sued as it did not own, operate, or manage the kiosk within the Target Store at issue. Further, Starbucks did not employ anyone working at the kiosk at the Target Store in question and denies Plaintiff's claims that an employee or agent of Starbucks served the cup of hot water to the Plaintiff.

## B.
## CREDIT / OFFSET

3.      In the unlikely event that Defendant is found liable to Plaintiff, Defendant affirmatively pleads that it is entitled to a dollar-for-dollar credit/offset for any and all sums Plaintiff has received or may hereafter receive by way of any and all payments or settlements of any claims, causes of action, or potential causes of action arising out of the incident made the basis of this lawsuit. This written election is being made pursuant to §33.012(b)(1) of the Texas Civil Practice & Remedies Code.

## C.
## RIGHT TO SUPPLEMENT

4.      Defendant respectfully reserves the right at this time to amend this Original Answer to the Plaintiff's allegations after said Defendant has had the opportunity to investigate more closely these claims, as is the right and privilege of said Defendant under the Rules of Civil Procedure and the laws of the State of Texas.

## D.
## DISCOVERY DOCUMENTS

5.      By way of further Answer, Defendant hereby gives actual notice to the Plaintiff, that any and all documents produced during discovery may be used against the party Plaintiff, if any, at any pre-trial proceeding and/or trial of this matter without the

**EXHIBIT B**

necessity of authenticating the document. This notice is given pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

## E.
## PAID OR INCURRED

6. Defendant invokes §41.0105 of the Texas Civil Practice and Remedies Code and requests that, to the extent Plaintiff seeks recovery of medical or healthcare expenses, the evidence to prove such loss be limited to the amount actually paid by or on behalf of the Plaintiff, as opposed to the amount charged.

## F.
## NET LOSS REDUCTION

7. Defendant also invokes §18.091 of the Texas Civil Practice and Remedies Code and requests that, to the extent that Plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, or a loss of inheritance, that the evidence to prove such loss must be present in the form of a net loss after reduction for income tax payments or unpaid tax liability. Defendant further requests that the Court instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal income taxes.

## G.
## CONTRIBUTORY NEGLIGENCE

8. At the time of the Plaintiff's alleged injury, Defendant contends that Plaintiff contributed to the incident and/or was the sole cause of the incident. In this regard, the Plaintiff failed to act as a reasonably prudent person would have acted under

EXHIBIT B

the same or similar circumstances while holding and/or carrying the item which purportedly injured the Plaintiff.

## H.
## JURY DEMAND

9. Defendant herein demands a trial by jury on all contested fact issues. On this date, a jury fee has been paid.

WHEREFORE, PREMISES CONSIDERED, the above-named Defendant, Starbucks Corporation d/b/a Starbucks Coffee Company, having fully answered herein, prays that Plaintiff take nothing by reason of this suit, and that Defendant be discharged. Defendant prays further that all court costs expended or incurred in this cause be assessed and taxed against Plaintiff, and for all such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

*[signature on next page]*

EXHIBIT B

Respectfully submitted,

GERMER, PLLC

By: _____
    TROY A. WILLIAMS
    State Bar No. 00788678
    VALERIE LY
    State Bar No. 24053602
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas  77019
Telephone: (713) 650-1313
Facsimile: (713) 739-7420
E-Mail: *twilliams@germer.com*
E-Mail: *vly@germer.com*

ATTORNEYS FOR DEFENDANT,
STARBUCKS CORPORATION D/B/A
STARBUCKS COFFEE COMPANY

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing instrument has been duly served on the following counsel through the Court's e-service on this the 5th day of August, 2022:

*service@andrethelawyer.com*
Andre Anziani
Law Office of Andrew Anziani
1300 S. Polk, Suite 295
Dallas, Texas  75224
*Attorney for Plaintiff*

_____
TROY A. WILLIAMS

6

EXHIBIT B

CAUSE NO. 2022-37135

| | |
|---|---|
| SANDRA WILLIAMS, | IN THE DISTRICT COURT OF |
| *Plaintiff* | |
| v. | |
| | HARRIS COUNTY, TEXAS |
| STARBUCKS CORPORATION D/B/A STARBUCKS, | |
| *Defendant.* | 333rd JUDICAL DISTRICT |

# RULE 216 REQUEST FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

In accordance with the provisions of Rule 216 of the Texas Rules of Civil Procedure, Defendant, Starbucks Corporation d/b/a Starbucks Coffee Company (incorrectly identified as Starbucks Corporation d/b/a Starbucks), requests that when this case proceeds to trial it be placed on the Court's jury trial docket.

Respectfully submitted,

GERMER, PLLC

By: _____
    TROY A. WILLIAMS
    State Bar No. 00788678
    VALERIE LY
    State Bar No. 24053602
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
Telephone: (713) 650-1313
Facsimile: (713) 739-7420
E-Mail: *twilliams@germer.com*
E-Mail: *vly@germer.com*

ATTORNEYS FOR DEFENDANT,
STARBUCKS CORPORATION
D/B/A STARBUCKS COFFEE COMPANY

EXHIBIT B

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the above and foregoing instrument has been duly served on the following counsel through the Court's e-service on this the 5th day of August, 2022:

  *service@andrethelawyer.com*
  Andre Anziani
  Law Office of Andrew Anziani
  1300 S. Polk, Suite 295
  Dallas, Texas  75224
  *Attorney for Plaintiff*

                     _____
                     TROY A. WILLIAMS

**EXHIBIT B**